IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS DE'ANDRE MCDOUGAL, # R48043, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 17−cv–0469−SMY |
| vs. | ) ) |
| JASON ORKIES, DR. LARSON, DEBORAH J. ISAACS, and GARY GESTER, | ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff De'Andre McDougal, an inmate in Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims the defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A. This action is subject to summary dismissal.

**The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: in November 2016, Plaintiff "started to experience a searing pain in [his] left wrist and [he] didn't know how it happen[ed]." (Doc. 1, p. 4). He put in for nurse sick call and was given pain medication. *Id.* When he saw Dr. Larson, he examined Plaintiff and explained to him that he had no idea what caused the injury or what type of injury it was. *Id.* Plaintiff was given a low bunk permit, put in to see the physical therapist, and received two x-rays. *Id.* Plaintiff "wrote Medical Director Jason Orkies several times complaining about [his] injury. [He] wrote several grievances complaining about the lack of medical treatment" as well. *Id.* Plaintiff requests permanent injunctive relief and monetary damages. (Doc. 1, p. 6).

**Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Larson and Orkies showed deliberate indifference to Plaintiff's serious medical need involving pain in his hand in violation of the Eighth Amendment.

As discussed in more detail below, Count 1 will be dismissed for failure to state a claim upon which relief may be granted. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or one that involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eighth Amendment does not give prisoners entitlement to "demand specific care"

or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Here, Plaintiff's Complaint is extremely brief, and lacks facts that would support a finding of deliberate indifference. He has failed to indicate whether he continues to suffer from the pain in his wrist, how long he suffered, whether physical therapy has helped at all or whether the x-rays he received allowed his condition to be diagnosed. As such, he has not plausibly alleged that his hand injury, which at one point caused him pain, constitutes a serious medical need.

Even if Plaintiff had satisfied the objective prong of the deliberate indifference test, he has failed to allege that Dr. Larson or Orkies were actually deliberately indifferent to his medical needs. By his own admission, Plaintiff received pain medication, physical therapy, x-rays and a lower bunk permit in the course of his treatment. Dr. Larson clearly attempted to treat Plaintiff's injury and appears to have taken "reasonable measures" to alleviate the risk of harm to Plaintiff. *Forbes*, 112 F.3d at 267. Although Plaintiff requests to see an outside specialist in his request for relief, he has no constitutional right to demand specific care, particularly because the care he received appears to be perfectly adequate. *Id.*

With respect to Orkies, the Seventh Circuit has made it clear that the grievance process can provide a basis for liability in a deliberate indifference claim. *See Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015). However, Plaintiff has failed to allege facts sufficient to show that his condition was sufficiently serious and that the treatment he received constituted deliberate indifference. Without an underlying constitutional violation to turn a blind eye to, Orkies' alleged failure to respond to Plaintiff's letters cannot constitute deliberate indifference. *Perez*, 792 F.3d at 782. For these reasons, Count 1 will be dismissed without prejudice.

## Remaining Defendants

With respect to the remaining defendants, Isaacs and Gester, Plaintiff did not mention them in his statement of claim and has therefore failed to state a claim upon which relief may be granted against them. Plaintiffs are required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). And in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Any claim Plaintiff may have intended to bring against Isaacs and Gester is therefore considered dismissed from this action without prejudice.

## Pending Motions

Plaintiff has filed a Motion for Attorney Representation (Doc. 4), which is hereby **DENIED**. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, Plaintiff's motion does not demonstrate that he made sufficient efforts to secure counsel before seeking the Court's assistance in doing so. Plaintiff claims that he contacted Reed Smith and Kirkland and Ellis seeking representation, but fails to provide any explanation as to what such inquiries on his part consisted of. He has also not attached any letters he may have sent to these firms or responses he may have received. Plaintiff has also not provided any substantive explanation as to why he has otherwise been unable to find an attorney. He has therefore not satisfied the first requirement.

Concerning the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* at 655. In this case, Plaintiff's claims do not appear to be that factually complex. He alleges that his wrist was in pain, at least at one point, and that he received various forms of treatment for it. Though his allegations are insufficient to state a claim upon which relief may be granted, it is not for lack of clarity, but for lack articulated facts that support the existence of a constitutional violation. The majority of the facts articulated by Plaintiff run against, not for, a finding of deliberate indifference.

From a legal standpoint, the litigation of any constitutional claim falls in the complex range. Even so, Plaintiff's Complaint adequately, if not successfully, articulates his claims, and based on this ability, this Court concludes that Plaintiff appears to be competent to litigate his case on his own at this time. Future developments in this case may alter the Court's decision, but at this early stage in the litigation, Plaintiff's motion for appointment of counsel will be **DENIED** without prejudice. Plaintiff may choose to re-file this motion at a later stage in the litigation.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **[July 25, 2017].** Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 17-cv-469-SMY). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to Plaintiff's Eighth Amendment deliberate indifference claim will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint.

Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: 6/26/2017**

                                                        s/STACI M. YANDLE
                                                        **U.S. District Judge**