IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS DE'ANDRE MCDOUGAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-469-SMY-RJD |
| | ) |
| JASON ORKIES, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Carlos De'Andrew McDougal, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Big Muddy River Correctional Center ("Big Muddy"). Specifically, Plaintiff claims he has continually sought medical treatment for pain of unknown origin in his hand and wrist and has not received proper diagnosis and treatment. Following threshold review, Plaintiff proceeds on the following Counts:

**Count 1:** Defendants showed deliberate indifference to Plaintiff's serious medical need involving pain in his hand, wrist, and arm in violation of the Eighth Amendment.

This matter is before the Court on the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Dennis Larson and Jason Orkies (Doc. 33). Plaintiff did not file a Response to the Motion, but instead filed an Affidavit regarding the exhaustion of his administrative remedies (Doc. 32). For the following reasons, Defendants' motion is **GRANTED IN PART and DENIED IN PART**.

## Factual Background

McDougal states in his Affidavit that he exhausted his administrative remedies when he filed the following grievances relating to his medical treatment on or around February 6, 2017:

**February 6, 2017 (A):** On February 2, 2017, McDougal was treated by the Physician Assistant for pain in his wrist. He does not know why he is being seen by the PA because he had already been seen by the doctor twice about this particular issue. The PA told him there was nothing wrong with his wrist and that it did not look swollen. He was prescribed pain medications and was put in to see the doctor. He requested to be sent to an outside hospital and the PA refused. McDougal states that the PA is deliberately refusing to recommend him for medical treatment. The requested relief was to be sent to an outside hospital.

The grievance was submitted as an emergency to the Warden who denied the emergency review on February 7, 2017. On February 10, 2017, the Counselor received the grievance and forwarded it to the Health Care Unit Administrator for review. The Administrator responded on March 7, 2017 that she reviewed the offender's medical jacket and that he was being monitored by the HCU. She further stated that a PA cannot send offenders to outside appointments; that would have to be determined by the physician through collegial review. The Counselor responded to the Grievance on March 16, 2017, stating that the PA could not send McDougal to outside appointments.

The Grievance Officer's Report was issued on March 27, 2017, denying the grievance because the offender was being monitored by the HCU. The CAO concurred with the Report on March 28, 2017. The ARB received the appeal on April 11, 2017 and issued a denial of the appeal on June 12, 2017, concluding that the issue was appropriately addressed by the facility.

**February 6, 2017 (B)**: McDougal had seen Dr. Larson twice for an injured wrist and on both occasions, the doctor could not diagnose what was wrong with his wrist. The doctor sent

him to the physical therapist who also could not diagnose the problem. The doctor then scheduled him for an x-ray which did not show a problem. McDougal alleges his wrist is getting worse and that the refusal to send him to an outside hospital is deliberate indifference. The requested relief is to be sent to a specialist at an outside hospital.

The grievance was submitted as an emergency to the Warden who denied the emergency review on February 7, 2017. On February 10, 2017, the Counselor received the grievance. The Counselor responded to the Grievance on March 17, 2017, stating that the inmate was being monitored by HCU and was seen by the physician on February 24, 2017, with x-rays ordered and a follow-up in 1-2 weeks. The Counselor further stated that outside referrals will be based on the physician's assessment and collegial review.

It is unclear to the Court whether the Grievance Officer's Report and CAO concurrence issued regarding the other February 2, 2017 grievance also addressed this grievance. However, the grievance was sent to the ARB along with the other grievance and Grievance Officer's Report. Based on the denial issued, it is again unclear whether the ARB was denying one, or both February 2, 2017 grievances.

**April 27, 2017**: McDougal states that on April 13, 2017, he was seen by Dr. Larson regarding his wrist, and the doctor saw no change in his condition and referred him to an Orthopedist. After a week of waiting, on April 21, 2017, he wrote a request to Jason Orkies regarding the status of his referral. The following day, he was called to the foyer for nurse sick call and was told he would be placed on Dr. Larson's call list for the results of the referral. He was informed that the referral request was denied and that his injury would be treated conservatively onsite. He was instructed to re-present if needed. The relief requested was for the denial of the referral to be overturned and to be seen by a specialist.

The Counselor received the grievance on May 2, 2017 and forwarded it to the HCU for response. On May 19, 2017, the Health Care Unit Administrator responded to the grievance, stating that a collegial review was conducted on April 21, 2017 and that it was determined the offender would be treated conservatively on-site. There is no further documentation regarding this grievance.

After a careful review of the arguments and evidence set forth in the parties' briefs regarding the issue of exhaustion, the Court has determined that an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) is not necessary.

### **Legal Standards**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). When considering a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Pursuant to 42 U.S.C. § 1997e(a), inmates are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not

properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance to his or her institutional counselor within 60 days after the discovery of the incident, occurrence, or problem, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on

an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may also submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

### **Discussion**

Defendants concede that Plaintiff exhausted his administrative remedies against Physician Assistant Gerst by filing and fully appealing the February 6, 2017 (A) grievance. However, they contend that Plaintiff failed to exhaust as to Defendants Dr. Larson and Director of Nursing Jason Orkies. Specifically, while Defendants acknowledge that Plaintiff filed a grievance against Dr. Larson on February 6, 2017, they argue that grievance was not responded to by the CAO or the ARB. Defendants also argue that Plaintiff did not appeal the April 27, 2017 grievance that mentions Defendant Orkies.

With regard to the second grievance filed on February 6, 2017 against Dr. Larson, it is unclear whether the responses from the Grievance Officer, CAO, and ARB address both February 6, 2017 grievances. Both grievances filed on that day are very similar, and while the Grievance Officer's Report clearly mentions the PA, it is not clear whether the Report also addresses the other medical grievance filed the same date.

Exhaustion of administrative remedies is an affirmative defense for which the burden of proof is on the prison officials. Here, the Court finds that Defendants have not met their burden. Viewing the facts in the light most favorable to the plaintiff, a material issue of fact exists as to whether the grievance against Dr. Larson was fully appealed. Further, the February 6, 2017 grievance filed against PA Gerst, which Defendants acknowledge was fully appealed, mentions that Plaintiff had already been seen twice by the doctor and had not received the relief he was

requesting. On these facts, Defendant Larson is not entitled to summary judgment for failure to exhaust administrative remedies.

Defendant Orkies is not mentioned in either of the February 6, 2017 grievances which Plaintiff claims exhausted his administrative remedies. While he is identified by name in the grievance dated April 27, 2017, there is no evidence this grievance was ever appealed to the ARB. Therefore, Defendant Orkies is entitled to summary judgment for failure to exhaust administrative remedies.

## Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgement for Failure to Exhaust Administrative Remedies (Doc. 33) is **GRANTED** as to Defendant Orkies and **DENIED** as to Defendant Larson; Plaintiff's claims against Defendant Orkies are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED: June 19, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**